UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN HODGES,

    Plaintiff,

v.                                                   CASE NO: 8:09-cv-1206-T-23EAJ

PUBLIX SUPER MARKETS, INC.,

    Defendant.
_____/

## O R D E R

The plaintiff sues (Doc. 2) Publix Super Markets, Inc., ("Publix") for discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"), and the Florida Civil Rights Act of 1992, Section 760.01 et seq, Florida Statutes ("FCRA"). A May 7, 2009, order in Hodges v. Publix Super Markets, Inc., No. 8:08-cv-1890-EAK-TGW (M.D. Fla.) (the "first action"), dismisses with prejudice the plaintiff's claims under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). Moving for judgment on the pleadings, Publix argues (Doc. 5) that the dismissal of the first action precludes the plaintiff's pursuing his ADA and FCRA claims in this action. The plaintiff responds (Doc. 9) in opposition.

### Background

Publix hired the plaintiff as a "bagger" in 2006. Because the plaintiff suffers from rheumatoid arthritis, Publix agreed to allow the plaintiff to work only twenty-five hours per week. While at work in September, 2007, the plaintiff suffered a seizure. After

receiving clearance from his doctors, the plaintiff returned to work a week later.  In October, 2007, the plaintiff suffered a second seizure and missed a month of work.  When the plaintiff attempted to return to work, the plaintiff's manager informed the plaintiff that "he was no longer employed at this Publix, but he was eligible to apply to other Publix locations for a job."  (Doc. 2, ¶ 21)  Although the plaintiff applied for a job at several other Publix stores, Publix denied each application.

In September, 2008, the plaintiff filed the first action against Publix for interference and retaliation in violation of the FMLA.  See Hodges v. Publix Super Markets, Inc., No. 8:08-cv-1890-EAK-TGW (M.D. Fla.) (complaint filed on Sept. 22, 2008).  Publix answered the complaint, and the parties began discovery.  On May 5, 2009, the plaintiff filed a "Notice of Voluntary Dismissal With Prejudice" and Publix filed a "Notice of Concurrence" with the plaintiff's voluntary dismissal.  Two days later, the court dismissed the first action with prejudice "based on the plaintiff and defendant's agreement that the case should be dismissed with prejudice."  Hodges v. Publix Super Markets, Inc., No. 8:08-cv-1890-EAK-TGW (M.D. Fla. May 6, 2009) (Doc. 17).

On June 5, 2009, the plaintiff sued Publix again in state court, and Publix removed (Doc. 1).  Although asserting claims for violation of the ADA and the FCRA (and not the FMLA), the complaint (Doc. 2) contains factual allegations nearly identical to the allegations in the plaintiff's first complaint.  Each complaint alleges that (1) the plaintiff suffered two seizures while at work, (2) Publix refused to reinstate the plaintiff after he recovered from the second seizure, and (3) the plaintiff applied for a job at other Publix stores, which applications were denied.

Discussion

To further the public interest in the finality of a judgment, res judicata precludes the filing of a claim that was raised or could have been raised in an earlier proceeding. See Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003).  A judgment precludes any further litigation of a claim if the judgment satisfies four conditions:

> First, the prior judgment must be valid in that it was rendered by a court of competent jurisdiction and in accordance with the requirements of due process.  Second, the judgment must be final and on the merits.  Third, there must be identity of both parties or their privies.  Fourth, the later proceeding must involve the same [claim for relief] as involved in the earlier proceeding.

In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550 (11th Cir. 1990) (citations omitted).  The parties dispute neither the validity and finality of the May 6, 2009, final order nor the identity of the parties in the first action.  Accordingly, the only issue is whether the plaintiff asserts the same "claim" in this action and the first action.

Two actions involve the same "claim" if each action arises "out of the same nucleus of operative fact, or is based on the same factual predicate." In re Piper Aircraft Corp., 244 F.3d 1289, 1297 (11th Cir. 2001).  The plaintiff asserts the ADA claim "is based on wholly separate operative facts" from the FMLA claims in the first action. (Doc. 9 at 4)  The plaintiff argues that the "FMLA claim ended the moment [the plaintiff] returned to Publix, after the conclusion of his medical leave, and was denied reinstatement.  The violations surrounding [the plaintiff's] ADA claim, however, were ongoing, beyond the time period when he was denied reinstatement—specifically, each time he applied at a different Publix location and was denied employment." (Doc. 9 at 4)

- 3 -

Nevertheless, in the first action the plaintiff alleged that he unsuccessfully applied for a job at different Publix stores. Although the FMLA claims and the ADA claim require proof of slightly different facts, each claim arises from a common "nucleus of operative fact"—the circumstances surrounding Publix's refusal to allow the plaintiff to return to work or to re-hire the plaintiff at another store. See Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1188 (11th Cir. 2003) ("[T]here is no question that Davila's instant ADA claim shares precisely the same transactional basis as the claim he advanced before the System Board, i.e., his termination, and that as such he could have raised it [in his initial lawsuit]."); see also Churchill v. Star Enters., 183 F.3d 184, 195 (3d Cir. 1999) (holding that judgment in the plaintiff's previous FMLA action precluded the plaintiff's subsequent ADA claim; "There is simply no escaping from the fact that Churchill has relied on different legal theories to seek redress from the [employer] for a single course of wrongful conduct."). Because the plaintiff could have brought his ADA and FCRA claims in the first action,[1] the May 6, 2009, final order in the first action precludes the plaintiff from pursuing these claims.

The plaintiff's equitable argument for refusing to apply res judicata lacks merit. Relying only on factually and legally distinguishable cases, the plaintiff identifies no equitable or policy reason to subvert the finality of the first action. See Churchill, 183 F.3d at 193 ("[C]ourts have rejected favoring 'the language and policy of Title VII' as 'against application of well-settled claim preclusion principles. We do not find that the

---

[1] Although the plaintiff received his right-to-sue letter for the ADA claim after filing the complaint in the first action, "res judicata bar[s] [the plaintiff] from splitting his causes of action and bringing his ADA claim after his first suit proceeded to a judgment on the merits." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (citation omitted).

- 4 -

language and policy of the FMLA is so different from that of Title VII as to 'trump' the claim preclusion principles." (citation omitted)).  Accordingly, Publix's motion (Doc. 5) for judgment on the pleadings is **GRANTED**.  The Clerk is directed to (1) enter judgment in favor of Publix and against the plaintiff, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on August 10, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE